RYAN E. HATCH
ryan@hatchlaw.com
California Bar No. 235577
**HATCH LAW, PC**
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: (310) 279-5079
Fax: (310) 693-5328

*Attorney for Plaintiff Coast to Coast Media, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| COAST TO COAST MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, LLC and YOUTUBE, LLC <br><br> Defendants. | **Case No. 3:26-cv-7995** <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT FOR:** <br> 1.   **Declaratory Judgement of No Breach; and** <br> 2.   **Declaratory Judgment of No Copyright Infringement.** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 3:26-cv-7995

Plaintiff Coast to Coast Media, LLC ("Plaintiff" or "Coast to Coast"), hereby files this Complaint and asserts, through its attorneys, claims against Google, LLC and YouTube, LLC, providers of the online video sharing platform YouTube (collectively, "YouTube" or "Defendants").

**INTRODUCTION**

1. California Bodycam is a YouTube channel that creates educational and newsworthy content derived primarily from police body-worn camera footage and related public records that are lawfully obtained from law enforcement agencies throughout the United States. The channel is owned and operated by Coast to Coast, which invests significant resources to create the channel's content.

2. In California Bodycam's three-year existence (June 2023 until May 2026), the channel had been monetized under the YouTube Partner Program monetization and other policies (collectively, the "YouTube Policies", attached hereto as Exhibit A). Coast to Coast received monthly payments for uploading videos to YouTube that were consistent with the YouTube Policies.

3. Despite that the California Bodycam channel had been operating for nearly three years and was monetized under the YouTube Policies, on May 19, 2026, YouTube took the unprecedented position that California Bodycam would no longer have access to monetization tools and features. The stated reason was breach of the YouTube Policies under which the channel had been monetized. YouTube initially indicated that California Bodycam had uploaded "reused content", but later indicated that the channel had infringed on unspecified copyrights.

4. At the same time, YouTube obtained significant advertising revenues from its own efforts to monetize the content on the channel, while withholding earnings owed to Coast to Coast.

5. Coast to Coast, therefore, brings this lawsuit seeking, among other things, declarations that the California Bodycam channel and associated content does not violate any YouTube Partner Program policies and does not infringe any copyrights. Coast to Coast also seeks reinstatement of monetization for the California Bodycam channel and payment of all earnings wrongfully withheld.

**PARTIES**

6. Plaintiff Coast to Coast Media, LLC is a Nevada company with its principal place of business at 8090 S. Durango Drive, Suite 102, Las Vegas, NV 89113.

1

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 3:26-cv-7995

7. Defendant Google, LLC is a Delaware company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

8. Defendant YouTube, LLC is a Delaware company with its principal place of business at 901 Cherry Ave, San Bruno, CA 94066.

## JURISDICTION AND VENUE

9. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

10. Separately, the Court has jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000. Google, LLC and YouTube, LLC are Delaware companies with headquarters located in California, and Coast to Coast Media, LLC is a Nevada company with its principal place of business in Nevada.

11. The Court also has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of a common nucleus of operative fact as the federal claims.

12. Personal jurisdiction in this District is proper under the YouTube Terms of Service, which provide that "All claims arising out of or relating to these terms of the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts."

13. Personal jurisdiction over Defendants is also proper because Defendants purposefully directed business activities toward California in this District and caused injury to Coast to Coast in this District.

14. Plaintiff further incorporates all allegations in this Complaint herein for purposes of jurisdiction and venue.

## FACTUAL BACKGROUND

15. California Bodycam is a digital media and news-focused YouTube channel that was created on or around June 14, 2023. The channel publishes educational and newsworthy content

2

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 3:26-cv-7995

derived primarily from police body-worn camera footage and related public records that are lawfully obtained from law enforcement agencies throughout the United States. The channel is owned and operated by Coast to Coast Media, LLC.

16. In California Bodycam's three-year existence, the channel had been monetized under the YouTube Partner Program and other policies. Coast to Coast received monthly payments for uploading videos to YouTube that were consistent with the YouTube Policies.

17. California Bodycam has generated substantial audience engagement and economic value for YouTube. In calendar year 2025 alone, the channel uploaded more than 300 long-form videos, generated more than 74,000,000 views, which resulted in revenue of over $503,000. Based on publicly known monetization structures and YouTube's advertising revenue share, it is estimated that in 2025, YouTube earned approximately $400,000 in advertising revenue from the videos uploaded to the California Bodycam channel.

18. Additionally, the channel receives significant viewer engagement, including substantial audience commentary specifically praising the channel's editing style, presentation format, educational framing, and inclusion of case-outcome information. By May 2026, California Bodycam had grown to more than 368,000 subscribers and over 150,000,000 total views.

19. Despite that the California Bodycam channel had been operating for nearly three years and was monetized under the YouTube Policies, on May 19, 2026, Coast to Coast received notice that a "team of policy specialists" had reviewed the channel and found that "some of the content" was not in line with the "YouTube Partner Program (YPP) policies". For this reason, the channel was deemed "not eligible to monetize" and California Bodycam would no longer have access to monetization tools and features.

20. Following receipt of the May 19th email indicating the channel was no longer eligible for monetization, Coast to Coast was provided the opportunity to upload an appeal video. That appeal video was uploaded on May 19th and was denied the same day.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 3:26-cv-7995

21. On information and belief, YouTube uses artificial intelligence (AI) to review videos for policy violations and uses contract personnel (including from the consulting firm Accenture) to review appeal videos and make channel monetization determinations.

22. In response to California Bodycam's appeal video, YouTube indicated that videos uploaded by the channel contained "reused content". However, YouTube did not identify any allegedly offending videos, timestamps, or specific examples of "reused content".

23. Subsequent email communication with Google employee Mateo Pomi stated that the decision to demonetize was due to an unidentified "portion" of the content falling into generalized categories such as "third-party videos stitched together with minimal or no changes", "content uploaded somewhere else first", and "content uploaded many times by multiple users". However, no concrete examples were ever identified, despite repeated requests for clarification.

24. On May 27, 2026, Coast to Coast formally requested reinstatement of monetization privileges and reconsideration for the purported violation of YouTube's "reused content" policies.

25. In this request, Coast to Coast explained that California Bodycam does not simply repost or mirror content uploaded by third parties. Rather, each video published to the channel is created through a substantial editorial and transformative production process involving the review, selection, editing, sequencing, annotation, and presentation of raw footage obtained directly from police departments through formal public records requests.

26. Without exception, the original materials obtained by Coast to Coast consist of numerous raw body-camera files (which involve multiple officer perspectives), police reports, evidentiary materials, and lengthy unedited video footage spanning several hours in duration. Coast to Coast frequently pays substantial public-records fees to obtain this material from law enforcement agencies.

27. The raw footage is then transformed into concise, coherent, educational, and newsworthy video presentations intended to educate viewers regarding law enforcement encounters, DUI investigations, criminal procedure, police tactics, evidentiary testing, and the outcomes of criminal proceedings.

28.    Indeed, the California Bodycam production process involves substantial human editorial involvement and transformative modification of raw source materials. Specifically, videos published to the channel routinely include:

    a.  Extensive editing and condensation of lengthy raw footage into a coherent narrative presentation;

    b.  Selection and sequencing of relevant events from multiple body-camera perspectives;

    c.  On-screen captions identifying dates, locations, officers, charges, and known case outcomes;

    d.  Educational framing concerning field sobriety testing, evidentiary breath testing, police procedure, and criminal investigations;

    e.  Custom visual effects, including zooming, split screens, synchronized camera-angle presentation, and enhanced visual formatting; and

    f.  Significant editorial judgment regarding pacing, presentation, sequencing, and contextualization.

29.    These editorial contributions materially transform the original raw records into a new expressive work with distinct educational and informational value. The channel, therefore, differs fundamentally from channels that merely aggregate or repost minimally altered third-party uploads.

30.    Coast to Coast further explained that all footage utilized by California Bodycam is obtained directly from government agencies through lawful public records requests. California Bodycam does not knowingly download and reupload another creator's published YouTube videos.

31.    To the extent other channels may occasionally publish footage involving the same underlying incident, such overlap is often attributable to independent requests for the same public records involving matters of substantial public interest.

32.    The existence of overlapping source footage does not negate the substantial editorial transformation, independent sourcing, and expressive contributions performed by California Bodycam.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 3:26-cv-7995

33. YouTube did not respond to the May 27th reinstatement request. Subsequently, Coast to Coast made the request again on June 23, 2026. On June 23, 2026, "The YouTube Legal Support Team" wrote in an email that content from the California Bodycam channel had been removed for "copyright infringement", but failed to provide any supporting evidence of any infringement.

34. On or about June 11, 2026, an email dialogue was initiated with YouTube Creator Support. On June 24, 2026, "Isaac S" from YouTube's Partner Operations stated that YouTube was "unable to provide specific video examples" of any violations related to "reused content".

35. Despite incorrectly finding that the California Bodycam channel violated YouTube Policies and was no longer eligible for monetization, YouTube withheld payment of earnings from Coast to Coast, while YouTube continued to run advertisements on videos uploaded to the platform by California Bodycam, thus earning significant advertising revenues for YouTube.

36. Adding insult to injury, Coast to Coast's revenue sharing earnings were over $30,000 for the month of April 2026, but YouTube withheld these earnings which would have been released to Coast to Coast on May 21, 2026. YouTube purposefully determined that the channel was ineligible for monetization just two days earlier on May 19th, so that it could wrongfully withhold earnings for the entire month of April 2026, and all months since then.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief – No Breach of YouTube Policies)

37. Coast to Coast restates and incorporates by reference every allegation of the preceding paragraphs.

38. An actual controversy has arisen between YouTube and Coast to Coast as to whether the California Bodycam channel and associated content is or has been in violation of the YouTube Policies relating to monetization and "reused content". The channel operated under the policies for approximately three years without incident, and the course of performance under the policies is evidence that there was no violation of any monetization policy. Indeed, YouTube has never provided any evidence of any "reused content" being uploaded by the California Bodycam channel despite repeated requests for such examples.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 3:26-cv-7995

39.    Accordingly, Coast to Coast seeks a declaration that the content on the California Bodycam channel is eligible for monetization under the YouTube Policies.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Relief – No Copyright Infringement)**

40.    Coast to Coast restates and incorporates by reference every allegation of the preceding paragraphs.

41.    An actual controversy has arisen between YouTube and Coast to Coast as to whether the California Bodycam channel and associated content has infringed any copyright.  The channel operated under the policies for approximately three years without incident, and the course of performance under the policies shows that there was no violation of any copyright.  Indeed, YouTube has never provided any evidence of any copyright infringement, despite maintaining that content was removed for copyright infringement.

**PRAYER FOR RELIEF**

Wherefore, in consideration of the foregoing, Coast to Coast prays for judgment against YouTube as follows:

1.  An order finding that the California Bodycam channel and associated content does not violate the YouTube Policies, including policies relating to monetization and "reused content";

2.  An order finding that the California Bodycam channel and associated content does not infringe upon any copyright of YouTube or any third party;

3.  An order directing YouTube to reinstate monetization of the California Bodycam channel and pay all monetization earnings, including from April 2026 to present;

4.  For attorneys' fees and costs under 17 U.S.C. § 504(c) and under the parties' agreements and other relevant authority;

5.  Interest under the maximum amount allowable on damages for all asserted claims; and

6.  For all such other and further relief as the Court deems proper.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 3:26-cv-7995

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.


Dated: July 31, 2026                    Respectfully submitted,


                                        /s /Ryan Hatch
                                        Ryan E. Hatch
                                        ryan@hatchlaw.com
                                        California Bar No. 235577
                                        **HATCH LAW, PC**
                                        13323 Washington Blvd., Ste. 302
                                        Los Angeles, CA 90066
                                        Tel: (310) 279-5076
                                        Fax: (310) 693-5328

                                        *Attorney for Plaintiff Coast to Coast Media, LLC*

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 3:26-cv-7995